UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD MORRIS KILLS WARRIOR,<br><br>Defendant. | 5:19-CR-50163-JLV<br>5:22-CR-50066-JLV<br><br><br>REPORT AND<br>RECOMMENDATION |

Donald Morris Kills Warrior filed motions to dismiss the charges of Failure to Register in the above captioned matters. He also moves to vacate all convictions and other forms of adjudication in files 12-50167 and 16-50058. (Doc. 89, p. 1).[1] Kills Warrior requested this Court to set a hearing on the matter so additional evidence may be presented and received. Id. The United States opposed the motion and filed a response. (Doc. 91).

An evidentiary hearing was held on Monday, February 13, 2023.[2] Kills Warrior was personally present and represented by his attorney of record, CJA counsel, John Murphy. The United States was represented by Assistant United States, Attorney Heather Sazama. Kills Warrior was the only witness that testified at the hearing, and no exhibits were received into evidence.

---

[1] Kills Warrior filed his motion at Doc. 36 in 5:22-cr-50066.
[2] No transcript was prepared. Rather, all citations to the testimony presented at the evidentiary hearing are to the For The Record ("FTR") audio recording, Rapid City Courtroom 2, February 13, 2023, beginning at 1:30 p.m.

1

The pending motions were referred to the Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and United States District Court District of South Dakota's local rules, LR 57.11(B). Based on a careful consideration of all the evidence and counsel's arguments, the Court respectfully recommends that Kills Warrior's motions to dismiss be denied. (Doc. 89; Doc. 36).

## FACTUAL BACKGROUND

In 2007, Kills Warrior was prosecuted in Oglala Sioux Tribal Court for sexual assault. (Doc. 36-1, p. 2). The sexual assault occurred on the Pine Ridge Reservation. (Doc. 89). Kills Warrior and the victim are both Indian persons. Id. On September 17, 2007, Kills Warrior pled guilty and was sentenced by the tribal court to six months of incarceration.[3] Doc. 89, Exs. 1 and 2; FTR at 1:26 p.m. Kills Warrior did not have an attorney in tribal court. FTR at 1:25 p.m.

On November 20, 2007, Kills Warrior was indicted federally for the same conduct. United States v. Kills Warrior, 5:07-cr-50116-KES (D.S.D.). Kills Warrior pled guilty to a federal superseding indictment alleging Abusive Sexual Contact, in violation of 18 U.S.C. §§ 2244(a)(5), 2246(3), and 1153 and was sentenced to 30 months imprisonment and 5 years supervised release. Id. at Docs. 49 and 65. This conviction was not appealed, vacated, or otherwise challenged in any way. FTR at 1:28 p.m. and 1:43 p.m. Kills Warrior testified

---

[3] Kills Warrior testified that he served half of his sentence and requested a "half time hearing," which was granted. Kills Warrior's tribal sentence was reduced to three months. (Doc. 36-2; FTR at 1:26 p.m.).

2

that he asked his attorney to raise the issue of double jeopardy in his 2007 case, but it was never raised. FTR at 1:28-1:30 p.m.

Because Kills Warrior was convicted for Abusive Sexual Contact, he is required to register under the Sex Offender Registration and Notification Act (SORNA). 18 U.S.C. § 2250(a), and 34 U.S.C. § 20911. Kills Warrior acknowledged he must follow the registration requirements. FTR at 1:45 p.m.

## ANALYSIS

Kills Warrior states that his motion is made pursuant to Federal Rules of Criminal Procedure 12(b)(2) and 12(b)(3). (Docket 89, p. 1). Kills Warrior's "primary argument is as follows:

> 1) his federal prosecution in 2007 was obtained in violation of his constitutional protection from subsequent prosecutions, as articulated by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution; 2) as a result of this illegality, Defendant's conviction in federal court should be vacated; 3) because his underlying conviction was illegal and should be vacated, Defendant has no legal obligation to register as a sex offender; 4) as a result, his two pending cases should be dismissed because he legally and factually has no obligation to register as a sex offender and, thus, this Court lacks jurisdiction over him; and, 5) his prior convictions for failing to register as a sex offender should be vacated as having been obtained in contravention of his constitutional rights and were prosecuted in a Court that had no jurisdiction over him.

Id. at pp. 3-4.

### A. FRCP 12(b)(2)

Federal Rules of Criminal Procedure 12(b)(2) states "[a] motion that the court lacks jurisdiction may be made at any time while the case is pending." Kills Warrior does not argue that jurisdiction is improper, instead he strictly

3

argues his federal conviction was barred due to the Double Jeopardy Clause. Therefore, this motion to dismiss and vacate all convictions cannot be made pursuant to FRCP 12(b)(2).

### B. FRCP 12(b)(3)

Federal Rules of Criminal Procedure 12(b)(3) states "[t]he following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Kills Warrior fails to identify a defect in instituting the prosecution or the charging document as required under FRCP 12(b)(3). Furthermore, he is unable to challenge his prior convictions because he failed to bring this motion pretrial in those cases. Therefore, this motion cannot be made pursuant to FRCP 12(b)(3).

### C. Double Jeopardy Clause

Although Kills Warrior is not able to file a pretrial motion to vacate a previous, closed criminal case, the court will address Kills Warrior's primary argument on its merits.

The Double Jeopardy Clause provides that no person may be tried more than once for the same offence. "This guarantee recognizes the vast power of the sovereign, the ordeal of a criminal trial, and the injustice our criminal justice system would invite if prosecutors could treat trials as dress rehearsals until they secure the convictions they seek." Currier v. Virginia, 138 U.S. 2144, 2149 (2018). These protections do not apply if a subsequent prosecution is pursued by a "separate sovereign," even if the offenses are identical. Denezpi

4

v. United States, 142 U.S. 1838, 1844–45 (2022). This dual-sovereignty principle applies where "two entities derive their power to punish from wholly independent sources." Puerto Rico v. Sánchez Valle, 579 U.S. 59, 68 (2016).

Kills Warrior acknowledges that he "is aware of a number of cases that have held that crimes prosecuted under the Major Crimes Act are not barred by the Double Jeopardy Clause if there has been a prior tribal conviction for the same conduct." (Doc. 89, p. 6). However, he maintains that the Oglala Sioux Tribe "was acting pursuant to delegated federal authority when it prosecuted and incarcerated him for the same conduct that was later prosecuted in federal court." Id.; FTR at 1:33 p.m. Therefore, he argues that "separate sovereign doctrine does not apply" and the double jeopardy doctrine was violated. Id.

The issue for this court is whether the tribe's authority to prosecute tribal members on tribal land came from its inherent authority or from authority delegated to it by the federal government.

In Wheeler, a member of the Navajo Tribe was convicted in tribal court of violating a provision of the Navajo Tribal Code; he was later charged in federal court with violating a federal statute based on the same underlying conduct. United States v. Wheeler, 435 U.S. 313, 314–16 (1978). The Supreme Court held that the tribes retained inherent sovereign authority to prosecute member Indians for offenses committed on the reservation. Id. at 323–324. The Court explained that before Europeans arrived on this continent, tribes "were self-governing sovereign political communities" with "the inherent power to prescribe laws for their members and to punish infractions of those laws." Id.

5

at 322–323. "[T]he sovereign power to punish tribal offenders has never been given up ... and [the] tribal exercise of that power today is therefore the continued exercise of retained tribal sovereignty." Id. at 324-25. Because the tribe's "inherent powers of a limited sovereignty" over member Indians "has never been extinguished," successive tribal and federal prosecutions do not offend the Double Jeopardy Clause. Id. at 323-324.

While "Congress has in certain ways regulated the manner and extent of the tribal power of self-government," Congress did not "creat[e]" that power. Id.; see 25 U.S.C. § 1301(2) (Congress clarified that the tribes' "powers of self-government" also includes "the inherent power of Indian tribes, hereby recognized and affirmed, to exercise criminal jurisdiction over all Indians."). When a tribe enacts criminal laws, "it does so as part of its retained sovereignty and not as an arm of the Federal Government." Id. at 328.

Recently, the Supreme Court in Denezpi relied on Wheeler and found that the defendant's "single act transgressed two laws: the Ute Mountain Ute Code's assault and battery ordinance and the United States Code's proscription of aggravated sexual abuse in Indian country." Denezpi v. United States, 142 U.S. 1839, 1845 (2022). The Court found that the Ute Mountain Ute Tribe, like the Navajo Tribe in Wheeler, exercised its "unique" sovereign authority in adopting the tribal ordinance. Id. (citing Wheeler 435 U.S. at 323). Likewise, Congress exercised the United States' sovereign power in enacting the federal criminal statute. Id. (citing Lanza, 260 U.S. at 382). The two laws, defined by separate sovereigns, proscribe separate offenses. Id. The Court found

"because Denezpi's second prosecution did not place him in jeopardy again 'for the same offence,' that prosecution did not violate the Double Jeopardy Clause." Id.

Similar to Wheeler and Denezpi, Kills Warrior was prosecuted in tribal court and subsequently federal court. The Oglala Sioux Tribe and the federal government are two independent sovereigns; therefore, the dual sovereignty doctrine permits successive tribal and federal prosecutions for the same conduct without offending the Double Jeopardy Clause.

Kills Warrior argues that the Indian Reorganization Act delegates power to the Oglala Sioux Tribe to prosecute, and the Secretary of Interior regulates the tribe; therefore, the dual sovereignty doctrine does not apply. Kills Warrior relies on Janis and argues that because the Oglala Sioux Tribe utilizes PL 638 contracts[4] for certain services, their power to prosecute is derived from delegated authority from the United States Government. FTR at 1:45 p.m. (citing United States v. Janis, 810 F. 3d 595 (8th Cir. 2016)). Kills Warrior is unaware if tribal courts are funded by Public Law 638. FTR at 1:45 p.m.

Kills Warrior's argument contradicts the Supreme Court's finding in Wheeler and Denezpi that the tribe retained inherent sovereign authority to

---

[4] A "638 contract" is shorthand for the Indian Self-Determination and Education Assistance Act (ISDEAA) of 1975 (Public Law 93-638). This law recognizes that tribes have an inherent status as sovereign nations, which is distinguished by their relationship with the federal government and this law marked a distinct change in federal policy toward Native American tribes and tribal people. Under this contract, any federal program, function, service, or activity must transfer their operations to tribes upon formal request for the benefit of the tribe.

prosecute member Indians for offenses committed on the reservation. Wheeler, 435 U.S. at 323–324; Denezpi, 142 U.S. at 1844-45.

Kills Warrior reliance on Janis is misplaced. The issue in Janis was whether the Oglala Sioux Tribe's Department of Public Safety officers were "federal officers" under 18 U.S.C. § 111[5] when these officers are enforcing tribal laws. The court found that the Oglala Sioux Tribe's Department of Public Safety operated pursuant to a contract between the department and the Bureau of Indian Affairs ("BIA"), which under 25 U.S.C. § 2802 has responsibility over the provision of law enforcement services in Indian country. Id. at 595 (citing United States v. Schrader, 10 F.3d 1345 (8th Cir. 1993) and United States v. Bettelyoun, 16 F.3d 850 (8th Cir. 1994)). This type of law enforcement agreement is known as a "638 contract," referring to the public law number authorizing such arrangements. Id. (citing Schrader, 10 F.3d at 1350) (Public Law 93-638). When acting under the authority of such an agreement, "a person who is not otherwise a Federal employee shall be considered to be ... an employee of the Department of the Interior ***only for*** purposes of ... section[ ] 111 ... of Title 18." Id. (quoting 25 U.S.C. § 2804(f) (emphasize added)). Therefore "law enforcement officers employed under such contracts are considered federal officers while they are engaged in the performance of their official duties, regardless of whether those duties involved

---

[5] Section 111 of Title 18 punishes anyone who "forcibly assaults, resists, opposes, impedes, intimidates or interferes with any person designated in 18 U.S.C. § 1114 or who formerly served as a person designated in § 1114, while engaged in or on account of the performance of his/her official duties."

the enforcement of federal or tribal law. The court ruled as a matter of law that the contract between the BIA and the Oglala Sioux Tribe represented a proper delegation of law enforcement authority and [the officer] was employed pursuant to that contract." Id.

Although Oglala Sioux Tribe's Department of Public Safety officers are "federal officers" for the purpose of section 111 Title 18, that does not mean that the tribe is operating under delegated authority when they prosecute tribal members for committing crimes on tribal lands. As discussed in Wheeler and Denezpi, tribes retain inherent sovereign authority to prosecute member Indians for offenses committed on the reservation and successive tribal and federal prosecutions for the same conduct without offending the Double Jeopardy Clause. Wheeler, 435 U.S. at 323–324; Denezpi, 142 U.S. at 1844-45. Therefore, Kills Warrior's federal conviction was not barred by his tribal conviction for the same conduct.

## CONCLUSION

Based on the above analysis, it is hereby

RECOMMENDED that Kills Warrior's Motions to Dismiss (Doc. 89, 36) be denied.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact.

Objections must be timely and specific in order to require *de novo* review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 26th day of April, 2023.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge